(No. 1684— )

PETER McELYEA, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 3, 1932.*

J. E. CARR, for claimant.

OSCAR E. CARLSTROM, Attorney General; CARL DIETZ, Assistant Attorney General, for respondent.

Mr. JUSTICE ROE delivered the opinion of the court:

On the 16th day of September, 1922, claimant alleges that he was injured while a prisoner in the Southern Illinois Penitentiary at Menard, Illinois. As a convict he had been working on the above day in a stone quarry outside the prison walls, and was returning to the prison as a passenger on a truck driven by a fellow convict. Upon entering the prison the gate had been opened to admit the truck failed to catch and swung back upon the truck in which claimant was riding on the seat beside the driver. As the gate swung back it caught the claimant's right foot between the bars and he was jerked from his seat. The flesh of the claimant's right leg was thereby stripped off above the ankle near the knee joint and the bones of this leg were broken and crushed. He was taken to the prison hospital where the right leg was amputated below the knee.

Claimant remained as a prisoner in said institution until about the first of July, 1930, when he was released on parole.

The above facts are set forth in the declaration. To this declaration the Attorney General has filed a demurrer.

The declaration filed by claimant alleges that he was not able to file his petition within five years from the date of his injury because he was confined as a convict in the said penitentiary and therefore not in a position to enforce his rights.

The law of this State gives unto a prisoner serving a sentence in any penal institution the right to sue or be sued in

the courts of this State during the period of such confinement. A convict does not lose his personal rights because of his imprisonment although he is deprived by law of certain rights of citizenship. Therefore, as he possessed said personal rights the claimant was entitled, able and free to exercise them, even though he was confined in the penitentiary. He could have brought his cause of action any time after September 16, 1922 and should have filed his claim within five years from the date of his injury. Inasmuch as seven years elapsed after his right of action accrued before he filed his claim the statute of limitations applying to actions before this court applies in this case.

Section 10 of the Act creating the Court of Claims provides that every claim against the State cognizable by the court shall be forever barred unless it is filed with the secretary of the court within five years after it first accrues. It appears on the face of the declaration that this claim was not filed within the time required by the statute.

The claimant's right of action is therefore barred and the demurrer filed by the Attorney General in behalf of the State of Illinois is sustained, the claim disallowed and the case dismissed.